IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CIVIL ACTION NO.
     v.                     )    2:17cr33-MHT
                            )        (WO)
WILLIAM EDWARD ROBINSON     )
```

ORDER

It is ORDERED that defendant William Edward Robinson's motion for compassionate release (doc. no. 130) is denied.

***

Robinson was convicted of six different offenses, including one count of conspiracy to distribute and possess with intent to distribute methamphetamine (21 U.S.C. § 846); one count of being a felon in possession of a firearm (18 U.S.C. § 922(g)(1)); one count for using a communication facility in connection with the conspiracy to distribute methamphetamine (21 U.S.C. § 843(b) & (d)) and aiding and abetting (18 U.S.C. § 2); one count of maintaining a premises for drug distribution (21 U.S.C. § 856(a)) and aiding and

abetting; one count of a National Firearms Registration and Transfer Records violation (26 U.S.C. §§ 5841, 5861(d), and 5871) and aiding and abetting; and one count for possession of an access device (18 U.S.C. § 1029(a)(4) & (c)(1)(a)(ii)) and aiding and abetting. The court sentenced him to 110 months in prison, followed by five years of supervised release. He has served approximately three years and 11 months, or 47 months. He has approximately three years left until his current projected release date of January 6, 2024.

Robinson sought compassionate release under 18 U.S.C. § 3582(c)(1), which authorizes a court to modify a term of imprisonment in only certain limited circumstances. As relevant here, it states:

> "[T]he court, ... upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does

2

not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; ...

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(1)(A).   By using the word "may," the statute vests courts with discretion as to whether to grant a reduction even if the stated conditions are met.   Additionally, it requires that the exercise of that discretion be informed by consideration of the factors in 18 U.S.C. § 3553(a) to the extent they are relevant.

Robinson claims that he is increased risk of serious complications from COVID-19 based on his health conditions of high blood pressure, high cholesterol, hepatitis C, and anxiety/depression, and his age, 49, and that he cannot protect himself from infection given the crowded conditions in the prison where he is

housed.  As the government explains, "if an inmate has a chronic medical condition identified by the Centers for Disease Control and Prevention (`CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may constitute an "extraordinary and compelling reason" warranting a sentence reduction."  Gov't's Resp. (doc. no. 139) at 12. *See* U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(I) (relevant policy statement).  The Centers for Disease Control has recognized that people with liver disease such as Hepatitis C and high blood pressure "*might* be at an increased risk for severe illness from the virus that causes COVID-19."  *See* Centers for Disease Control and Prevention, "People with Certain Medical Conditions," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Feb. 22, 2021) (italics added).  Robinson has satisfied the exhaustion requirements of § 3582(c)(1)(A).

Although the court is sympathetic to Robinson's understandable concern for his health, the court concludes that a sentence reduction is not warranted in his case because the 18 U.S.C. § 3553(a) factors weigh against a sentence reduction.  Robinson's offenses were serious, and, in addition to methamphetamine offenses, involved possession of at least 14 firearms, including two unregistered machine guns, and live ammunition, operating a drug house, and possession of materials used to clone credit cards.  He had been convicted of multiple prior felonies at the time of his offenses and had a criminal history category of V at the time of sentencing.  Given these facts, the court finds that a sentence reduction is not warranted, and exercises its discretion to deny the motion.  *See* 18 U.S.C. § 3553(a)(1), (2)(A), (B), & (C), & (4).

DONE, this the 25th day of February, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

5