IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:17cr33-MHT |
| | ) | (WO) |
| WILLIAM EDWARD ROBINSON | ) | |

OPINION AND ORDER

This case is before the court on defendant William Edward Robinson's second motion for compassionate release, in which he requests "any modest reduction in sentence." He bases this request on the extremely harsh and frightening prison conditions he reports experiencing during the COVID-19 pandemic, which he notes he did not anticipate at the time of his plea. As the court does not have the discretion to grant a sentence reduction on this basis, the motion will be denied.

Robinson seeks compassionate release under 18 U.S.C. § 3582(c)(1), which authorizes a court to modify a term of imprisonment in only certain limited circumstances. As relevant here, it states:

> "[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; ...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(1)(A). The applicable policy statement is Guideline 1B1.13 of the United States Sentencing Guidelines ("U.S.S.G."), which defines what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A). Note 1 in the commentary to Guideline 1B1.13 describes four categories of circumstances that qualify: medical conditions of the

defendant, the age of the defendant, family circumstances, and "other reasons."  See U.S.S.G. § 1B1.13, cmt. n.1(A)-(D).  Robinson's request falls under "other reasons."

In *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), the Eleventh Circuit Court of Appeals decided that only the Bureau of Prisons is authorized to determine whether such "other reasons" exist, not the district courts.  In other words, because the Bureau of Prisons has not decided that Robinson qualifies for compassionate release due to unexpectedly harsh conditions of confinement he has experienced, this court does not have the discretion to grant him relief on that basis. Robinson contends that courts in other circuits have granted sentence reductions to defendants on the ground of harsh conditions during the pandemic.  While that may be true, this court is bound by the Eleventh Circuit's decisions.

***

3

Accordingly, it is ORDERED that defendant William Edward Robinson's second motion for compassionate release (Doc. 143) is denied.

DONE, this the 22nd day of February, 2022.

                                /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE